UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RACHEL MICHELE HICKS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:17-cv-1495-AGF |
| ) | |
| ST. LOUIS COUNTY POLICE ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motions of plaintiff Rachel Michele Hicks for leave to proceed herein *in forma pauperis*. (Docket Nos. 3 and 5).[1] The Court has reviewed the financial information submitted in support, and will grant the motions. The Court will also dismiss the complaint, without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

---

[1] Plaintiff filed two such motions: one when ordered to either pay the filing fee or move for *in forma pauperis* status, and a second when ordered to submit a fully-completed CJA 23 financial affidavit. On the second motion, plaintiff wrote "previously sent; resending." (Docket No. 5).

context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

When conducting initial review pursuant to § 1915(e)(2), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). Giving a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff states she seeks relief for intentional infliction of emotional distress and invasion of privacy. She also claims "Color of Law violation (Section 242:Title 18)," violation of the Religious Freedom Restoration Act, and violation of the Missouri House of Worship Act. (Docket No. 1 at 1). She names ten defendants: the St. Louis County Police Department, law enforcement officers Aaron Dilks, John Wheeler, Jeremy Romo, and Chris Koester, Lifechurch, Rick Shelton, Joshua Shelton, Mike Lemp, and Dawn Hewitt. Plaintiff alleges that her claims concern incidents that occurred over a 20-year period in connection with her attendance at Lifechurch in Fenton, Missouri. She purports to bring claims on behalf of herself and her daughter.

For her statement of claim, plaintiff details a long history of interpersonal conflict between herself and members of the Lifechurch congregation and leadership. For example, plaintiff claims that the Lifechurch bookstore sold cassette tapes of a personal encounter that occurred in her home; Lifechurch, church staff and pastors failed to honor a promise to provide plaintiff a house, apartment, or car; various people at Lifechurch failed to respond to plaintiff's attempts to communicate; people at Lifechurch asked her to leave, watched her, talked about her, and accused her of stalking a pastor; people at Lifechurch complained to police about plaintiff's conduct; and Dawn Hewitt threatened to call the police if plaintiff did not exit the church building. Plaintiff claims that the law enforcement defendants failed to help her resolve the conflicts. Plaintiff states that she and her daughter now attend a different church.

For her claim for relief, plaintiff states: "I would like to be reimbursed for my financial hardships this has caused me. We were promised an apartment and it was so hard for me to find one on my own . . .". (Docket No. 1 at 6). Plaintiff claims she spent approximately $15,000 in hotel costs, and Lifechurch ignored her when she asked for help with housing. She also seeks unspecified damages for emotional distress. Plaintiff also asks that the law enforcement defendants be "held responsible for their actions. I feel that they neglected to help me with the church when they were told that they were. [*sic*] They seemed to have used information or my history with the church in order to make derogatory comments to me, and say hurtful things that only made matter [*sic*] worse in my case."

## Discussion

The complaint is subject to dismissal for a myriad of reasons. Plaintiff states she intends to proceed pursuant to the Religious Freedom Restoration Act, but she fails to allege how it

applies to her case. In addition, the Court notes that law was held unconstitutional as applied to the states by the Supreme Court in *City of Boerne v. Flores*, 521 U.S. 507 (1997). Plaintiff also cites the Missouri House of Worship Protection Act. Again, she fails to explain how that law applies to her case, and the Court notes that law has been deemed unconstitutional. *See Survivors Network of Those Abused by Priests, Inc. v. Joyce*, 779 F.3d 785 (8th Cir. 2015). Plaintiff also claims "Color of Law violation (Section 242:Title 18)." (Docket No. 1 at 1). However, that statute pertains to criminal law, and provides no "civil cause of action or any civil remedies." *Thibeaux v. U.S. Attorney Gen.*, 275 F. Appx. 889, at *4 (11th Cir. 2008).

Plaintiff does not cite 42 U.S.C. § 1983, but to the extent plaintiff can be understood to assert claims thereunder, the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(i)-(ii). None of plaintiff's allegations amount to a claim that a state actor deprived plaintiff of a right secured by the Constitution or federal law. Plaintiff does not allege that Lifechurch met on public property, or that any defendant excluded her from public property. In addition, plaintiff does not allege that Lifechurch, Rick Shelton, Joshua Shelton, Mike Lemp and Dawn Hewitt are state actors, and she alleges no facts permitting the inference that their conduct was fairly attributable to the state. "[M]erely private conduct, no matter how discriminatory or wrongful," is excluded under § 1983. *Americans United for Separation of Church and State v. Prison Fellowship Ministries, Inc.*, 509 F.3d 406, 412 (8th Cir. 2007). The complaint is legally frivolous as to the St. Louis County Police Department because police departments are not suable entities under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). Finally, the complaint fails to allege that defendants Dilks, Wheeler, Romo, or Koester were personally involved in or directly responsible for any constitutional harm. *See Madewell v.*

*Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Regarding Dilks, plaintiff alleges that he yelled at her on the telephone. Threatening statements and gestures of a state actor, even if true, do not amount to constitutional violations. *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992). Regarding Koester and Romo, plaintiff alleges that they talked to her and suggested they would help her with her conflicts within Lifechurch, but never did so. These allegations simply fail to state any claim of constitutional dimension. Finally, the complaint merely lists Wheeler as a defendant without alleging he engaged in any specific conduct. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints").

Plaintiff also attempts to bring tort claims based upon state law. However, there is no basis for the exercise of supplemental jurisdiction over these claims, and the complaint provides no basis for concluding that federal subject matter jurisdiction exists. Diversity jurisdiction exists in civil cases where the matter in controversy exceeds $75,000 and the parties are completely diverse. 28 U.S.C. § 1332(a). Here, plaintiff alleges that she and defendants are Missouri residents, and she fails to plead damages in excess of the jurisdictional threshold. Therefore, to the extent plaintiff seeks to bring any claim based upon state law, such claims are

5

subject to dismissal for lack of jurisdiction.  Finally, plaintiff purports to bring this action not only for herself but also for the benefit of her minor child.  Plaintiff is proceeding *pro se* in this matter, and she does not allege, nor is it apparent, that she is a licensed attorney.  While federal law provides that "parties may plead and conduct their own cases personally," 28 U.S.C. § 1654, this right does not extend to representation of one's child.  *See Osei-Afriyie by Osei-Afriyie v. Medical College of Pennsylvania*, 937 F.2d 876, 882-83 (3d Cir. 1991) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child").

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motions for leave to proceed *in forma pauperis* (Docket Nos. 3 and 5) are **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's complaint and all of her claims against all defendants are **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 2nd day of August, 2017.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE